THE UNITED STATES' DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

FILED
CLERKS OFFICE
2005 FEB 11 P 12: 55
U.S. DISTRICT COURT
DISTRICT OF MASS.

DOCKET NUMBER:

PRECIOUS OKEREKE, ET AL. -
   Plaintiffs

vs.

ARBELLA MUTUAL INSURANCE
COMPANY AND

COVERALL INSURANCE AGENCY -
   Defendants

05-10287 GAO

Referred to MJ JCDein

## *EX PARTE* EMERGENCY WRIT OF MANDAMUS OR PROHIBITION ORDER

### COUNT ONE

The Undersigned is a citizen of the United States and resident of the Suffolk County since 1988. The Undersigned was currently unemployed, but sought employment. The Undersigned was a former student at the Massachusetts' College of Pharmacy for doctoral degree towards pharmacy.

### COUNT TWO

The Undersigned was a co-owner to Honda CRV 2000 and the Undersigned was the primary driver.

### COUNT THREE

The Undersigned took out an auto insurance policy with Arbella Mutual Insurance Company with mailing addresses as: P. O. Box 8902, Boston, MA 02266-8902 and 1100 Crown Colony Drive, Quincy, MA 02269-9195.

### COUNT FOUR

The insurance Agent to Arbella Mutual Insurance Company was Coverall Insurance Agency with an address as 28 Brookley Road, Jamaica Plain, MA 02130.

### COUNT FIVE

The auto insurance coverage ranged from March 28th -- 2004 to March 28th -- 2005. [Exhibit 1]

### COUNT SIX

The Undersigned had her insurance terminated in an overt violation of the Undersigned's civil rights, Massachusetts' consumer protection and anti-trust law. [M.G.L.C. 93A; M.G.L.C. 151B, s.1-10; M.G.L.C. 12, s. 11H-11J; 15 U.S.C. Section 1]

### COUNT SEVEN

The reason Arbella and its Agent adduced for termination was late payment of premium. By and large, the Undersigned was not at fault. The bill and notice of cancellation specified December 26th -- 2004 as the deadline. [Exhibits 2 and 3] The Undersigned *substantially relied* on that as a matter of common law and *representation estoppel* attached. Unfortunately, Arbella and its Agent were not open on Sunday -- December 26th -- 2004. Of course, they were not open on Saturday -- December 25th -- 2004, which was Christmas. Obviously, December 24th -- 2004 was not a full business

day. Then, on Monday – December 27th – 2004 the Agent was opened for business and that became the deadline as a matter of common law. Massachusetts Rules of Civil Procedure 6 authenticated that. [Exhibit 4]

### COUNT EIGHT

On that day – December 27th – the Undersigned was at the Agent's office with a check for a part-payment. On getting there, the Agent's female employee said that a full-payment was necessary. The Undersigned agreed and contacted her friend; the check was substituted for the amount demanded. On the second visit, the Undersigned was surprisingly informed that the insurance policy had been cancelled. The Undersigned left the said check with the Agent. The Agent returned it by mail. Explicitly or implicitly, Arbella and its Agent understood that it was against Massachusetts' law to reject payment. Therefore, they were not holding the Undersigned responsible for the amount it rejected.

### COUNT NINE

It should be noted that at the time of termination of the insurance policy, the Undersigned overpaid Arbella and its Agent in the amount of $520.65 – the number of days it covered and what was paid. If need be, the Undersigned would tender the breakdown.

### COUNT TEN

Arbella and its Agent had no business deciding for the Undersigned who to insure her car with. That was *ultra vires* and gross violation of the Undersigned's constitutionally protected right or *liberty of contract*. [Exhibit 5] That was a *de jure* or intentional discrimination base on race and gender.

### COUNT ELEVEN

Arbella Mutual Insurance Company and its Agent actions had bearings on violation of impact rule and striking amongst them was "intentional infliction of emotional distress." The deceitful or dishonest conduct violated *equitable* and *representation/al etstoppel* as already mentioned under count seven.

The relieves the Undersigned sought as a matter of urgency would be reinstatement of her auto insurance and renewable in March as been the practice upon payment of the balance - $118.00. More, Arbella and its Agent would restore the Undersigned's registration at <u>no</u> cost to the Undersigned; it was cancelled when the insurance was cancelled. A *permanent injunction* should be issued to Arbella and its Agent not to tamper with the Undersigned's auto insurance as far as they remained in business – the Undersigned should decide when to terminate her auto's policy contract.

PRECIOUS OKEREKE,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone No. (617) 265 6579.

**Dated in Boston – Massachusetts on Monday – January 31st – 2005.**

This page and any attached endorsements form a part of your policy

**4217**

This policy is Issued By:
**ARBELLA MUTUAL INSURANCE CO.**

Reason for Coverage Selection Change
**ENDORSEMENT – APPROVED 2004 RATES**

No. **061**

Massachusetts Personal Automobile Policy Number
**4HB 929 476**

ITEM 1. This policy is Issued To:
**PRECIIOUS OKEREKE**
**106 F MINDEN ST APT 3**
**JAMAICA PLAIN  MA 02130**

Effective Date **3/28/04**

Name code **OKERE**

Producer **COVERALL INS AGENCY INC**
**28 BROOKLEY RD**
**JAMAICA PLAIN  MA 02130**

ITEM 2. This policy is effective from:
**MAR/28/04** To: **MAR/28/05** (12:01 A.M. Eastern Standard Time)

Producer's No.
**44-0859**

ITEM 3. Description of your Auto:
AUTO # 1  00 HONDA   CR-V EX   JHLRD1863YS007859

ITEM 4. This policy provides only the coverages for which a premium charge is shown.

| COVERAGES, PARTS 1-12 COMPULSORY INS. | AUTO # 1 LIMITS | DEDUCTIBLE | PREMIUM ANNUAL | PREMIUM ADJUSTED | LIMITS | DEDUCTIBLE | PREMIUM ANNUAL | PREMIUM ADJUSTED |
|---|---|---|---|---|---|---|---|---|
| 1. Bodily Injury To Others | $20,000 per person / $40,000 per accident | None | $510.00 | $46.00 | $ per person / $ per accident | None | $ | $ |
| 2. Personal Injury Protection | $8,000 per person | $ NONE ☐ yourself ☐ yourself+household members | $158.00 | $5.00 | $ per person | $ ☐ yourself ☐ yourself+household members | $ | $ |
| 3. Bodily Injury Caused By An Uninsured Auto (COMPULSORY LIMIT $20,000/$40,000) | $50,000 per person / $100,000 per accident | None | $22.00 | $4.00 | $ per person / $ per accident | None | $ | $ |
| 4. Damage To Someone Else's Property (COMPULSORY LIMIT $5,000) | $100,000 per accident | None | $455.00 | $25.00 | $ per accident | None | $ | $ |
| **OPTIONAL INSURANCE** | | | | | | | | |
| 5. Optional Bodily Injury To Others | $50,000 per person / $100,000 per accident | None | $168.00 | $-2.00 | $ per person / $ per accident | None | $ | $ |
| 6. Medical Payments | $25,000 per person | None | $20.00 | $-3.00 | $ per person | None | $ | $ |
| 7. Collision | Actual Cash Value | $300 | $780.00 | $44.00 | Actual Cash Value | $ | $ | $ |
| 8. Limited Collision | Actual Cash Value | $ | $ | $ | Actual Cash Value | $ | $ | $ |
| 9. Comprehensive | Actual Cash Value | $300 | $255.00 | $14.00 | Actual Cash Value | $ | $ | $ |
| 10. Substitute Transportation | Up to $45 a day  maximum $1350 | None | $146.00 | $ | Up to $ a day  maximum $ | None | $ | $ |
| 11. Towing and Labor | Up to $ for each Disablement | None | $ | $ | Up to $ for each disablement | None | $ | $ |
| 12. Bodily Injury Caused By An Underinsured Auto | $50,000 per person / $100,000 per accident | None | $22.00 | $1.00 | $ per person / $ per accident | None | $ | $ |
| **SAFE DRIVER INSURANCE PLAN** Credit-Step | 15 | $ | $ | $650.00 | Credit-Step | | $ | $ |
| Surcharge-Step | 15 | $ | $ | | Surcharge-Step | | $ | $ |
| PREMIUM | | | $2536.00 | $784.00 | PREMIUM | | $ | $ |

Identification Numbers of Endorsements Forming a Part of This Policy
**645**

TOTAL PREMIUM  $ **784.00**

AUTO #1  213
DISCOUNTS: P RESTRAINT 25% ANTI THEFT 20%

SEE NOTE 4 ON REVERSE FOR AUTO 1

ITEM 5. Place of Principal Garaging
AUTO # 1  JAMAICA PLAIN MA

ITEM 6. Secured Lender/Lessor-Additional Insured, if Rented Auto
EASTERN BANK 270 UNION ST LYNN MA 01901

**DRIVER INFORMATION**

| Oper No. | Operator Name (First, middle initial, last) | Date of Birth | License Number | Lic. State | Operator Status O=Occasional P=Principal E=Excluded D=Deferred Auto 1 | Auto 2 | Auto 3 | Auto 4 | ADDITIONAL DISCOUNTS |
|---|---|---|---|---|---|---|---|---|---|
| 1 | PRECIIOUS OKEREKE | 07 14 60 | S73086128 | MA | P | | | | |
| 2 | CHUKWUMA AZUBUKO | 03 13 61 | 010668275 | MA | O | | | | |



*0008590982*

REFER TO OTHER SIDE FOR ADDITIONAL INFORMATION

10AR1172 01/04
AGENT COPY

**Arbella®**
Mutual Insurance Company
P.O. Box 4033
WOBURN, MA 01888-4033

Date of this Notice: 12-03-2004

**STATUTORY NOTICE OF CANCELLATION OF THE MASSACHUSETTS MOTOR VEHICLE LIABILITY POLICY**
(Cancellation of Entire Policy)
(This Notice Also Covers Non-Compulsory Coverages)

**Policy Number:** 4HB 929 476

| REGISTRATION NUMBER (Car 1) | REGISTRATION NUMBER (Car 2) |
|---|---|
| 6255PH | |
| V.I. NUMBER (Car 1) | V.I. NUMBER (Car 2) |
| JHLRD1863YS007859 | |
| REGISTRATION NUMBER (Car 3) | REGISTRATION NUMBER (Car 4) |
| | |
| V.I. NUMBER (Car 3) | V.I. NUMBER (Car 4) |
| | |
| Effective Date of Cancellation | 12-26-2004 |

| Certificate of Mailing No. | 93 |
|---|---|

PRECIIOUS OKEREKE
P O BOX 1351
BOSTON               MA   02117-0000

(Copy was sent to this interest(s))
EASTERN BANK

**Producer:** 44-0859
COVERALL INS AGENCY INC
28 BROOKLEY RD
JAMAICA PLAIN              MA   02130-0000

Specific Reason(s) for Cancellation (Company must specify the particular reason(s) and must state the substance of the matter(s) relied on for cancellation):

NONPAYMENT OF THE INSURANCE PREMIUM FOR THE POLICY IDENTIFIED ABOVE. THIS CANCELLATION WILL NOT TAKE EFFECT IF THE MINIMUM AMOUNT DUE IS PAID ON OR PRIOR TO THE EFFECTIVE DATE OF CANCELLATION.

FULL AMOUNT DUE   $759.00             MINIMUM AMOUNT DUE   $514.00

You are hereby notified that the Massachusetts Motor Vehicle Liability Policy, herein designated, issued to you by the above named company is hereby cancelled in accordance with its terms, such cancellation to become effective at 12:01 A.M. on the date stated above. Section 113A of Chapter 175 of the General Laws, as amended, requires 20 days advance written notice of cancellation. The premiums earned on this policy to the effective date of cancellation will be adjusted in accordance with the terms of this policy. In accordance with the provisions of Section 113A of Chapter 175 of the General Laws, as amended, a notice of this cancellation will be sent to the Registrar of Motor Vehicles of the Commonwealth of Massachusetts on the effective date of cancellation stated above.

**IMPORTANT NOTICE:** Read carefully the information on the reverse side of this notice, which states your legal rights under the compulsory insurance law relative to this cancellation.

By _____
Authorized Signature

10AR1052
Insured Copy

(See Reverse Side)

Tear Here

**RETURN WITH PAYMENT**

OKERE       120300093

COPY TO: COVERALL INS AGENCY INC

SENT TO: PRECIIOUS OKEREKE

ARBELLA MUTUAL INSURANCE COMPANY
P.O. BOX 4033
WOBURN, MA  01888-4033

Policy Number: 4HB 929 476
Producer Code: 44-0859

**Arbella®**
Mutual Insurance Company

| CANCELLATION EFFECTIVE | 12-26-2004 | |
|---|---|---|
| Amount Paid $ (If Different) | Late Fee Included in Amount Due | $20.00 |
| Full Amount Due $759.00 | Minimum Amount Due $514.00 | |

226  1812379294769  00000075900  00000051400

## COVERALL INSURANCE AGENCY, INC.
28 BROOKLEY ROAD, JAMAICA PLAIN, MA 02130
(617) 524-8500

# CANCELLATION REMINDER

A cancellation notice has been issued to your auto policy:

DATE DUE: 12-26-04

AMOUNT: $ 514.00

HB929476

**If this cancellation has been paid, please disregard this reminder.**

Sincerely,

COVERALL INSURANCE

The "backing" requirement of Rule 5(g) codifies familiar Massachusetts practice. The reference to endorsement for costs deals with the requirement of G.L. c. 231, §§ 42 and 43 that initial papers must, if the plaintiff is not an inhabitant of the Commonwealth, be endorsed before entry by a "responsible" inhabitant, who then becomes liable for costs if the plaintiff is unable or unwilling to pay them. This requirement does not affect the large majority of cases, in which the plaintiff is a resident. Shute v. Bills, 198 Mass. 544, 545, 84 N.E. 862, 863 (1908). An endorsement from the office of an attorney is a sufficient compliance with the statute; the attorney thus becomes liable for the costs. Johnson v. Sprague, 183 Mass. 102, 104, 66 N.E. 422, 423 (1903). Rule 5(g) merely clarifies existing law and clearly implies that if the attorney does not wish to be liable for costs, he may so indicate on the backer of the complaint. In that case, the plaintiff must find someone else to endorse the backer.

### Reporters' Notes—1983

Rule 5(a) has been amended by adding discovery documents to those which must be served upon each of the parties. Absent this provision, one must repeatedly consult the docket to keep abreast of the case and to ascertain whether further discovery is necessary. The Standing Advisory Committee considered the potential for large reproduction and mailing costs in multiple-party litigation; this can be controlled, however, by the court's authority to "otherwise order" which is already present in Rule 5(a). This amendment draws the Massachusetts Rule closer to Federal Rule 5(a).

### Reporters' Notes—1989

As a result of this amendment, which adds a subparagraph (2) to Rule 5(d), specified discovery documents shall ordinarily no longer "be presented or accepted for filing." The discovery documents that shall not be filed, except by leave of court, are: notices of taking and transcripts of depositions, and requests and responses to requests under Rule 34. However, in order to give the court access to relevant documents when a ruling is required, a party "pressing or opposing any motion or other application for relief may file any document pertinent thereto."

Interrogatories and answers thereto are not covered by this amendment, and must be filed in accordance with Rule 5.

The reasons for this amendment are that some courthouses have insufficient storage space, and the filing of such documents requires valuable clerical time. This amendment is largely patterned after Superior Court Department Standing Order No. 3-87 (Applicable to the Middlesex Division) entitled "SUBJECT: PAPERS IN CIVIL ACTIONS WHICH WILL NOT BE ACCEPTED FOR FILING." The United States District Court for the District of Massachusetts has a similar local rule entitled "Nonfiling of Materials." Local Rule 16(g).

There may not be a need for the new non-filing requirement in all counties or specific courthouses. The amendment permits a court to require filing "generally," thus allowing a court to order the filing of all discovery, or specific discovery, in all cases or in categories of cases. Other occasions when a party, the press, or other person has a good reason to have more discovery originally permitted under the amendment. The amendment permits the court, "on motion of a party or concerned citizen, or on its own motion," to make a different order as to the filing of discovery either "generally or in a specific case."

* Publisher's Note: Superior Court Administrative Directive 90-2, effective December 3, 1990, provides "on a temporary basis and until further notice" for the non-filing of interrogatories and answers in offices of Superior Court Clerks.

### Reporter's Notes—1996

With the merger of the District Court Rules into the Massachusetts Rules of Civil Procedure, differences that had existed in the District Court rules have been eliminated in merged Rule 5. District Court Rule 5(d) had required that papers after the complaint that are required to be served upon a party must be filed with the court either before service or within five days thereafter (as opposed to a reasonable period of time thereafter as set forth in the Rule 5 of the Mass.R.Civ.P.). Also, by merging the two sets of rules, the 1989 amendment to Mass.R.Civ.P. 5(d) regarding the non-filing of specified discovery materials is now clearly applicable in the District Court and Boston Municipal Court.

## RULE 6.  TIME

**(a) Computation.** In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute or rule, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes those days specified in Mass. G.L. c. 4, § 7 and any other day appointed as a holiday by the President or the Congress of the United States or designated by the laws of the Commonwealth.

**(b) Enlargement.** When by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; or (3) permit the act to be done by stipulation of the parties; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them.

**(c) For Motions-Affidavits.** A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 7 days before the time specified for the hearing, unless a different period is fixed by these rules or by

17

5