```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

PRECIOUS OKEREKE,              )
         Plaintiff,            )
                               )
     v.                        )  C.A. No. 05-10287-GAO
                               )
                               )
ARBELLA MUTUAL INSURANCE       )
COMPANY, et al.,               )
         Defendants.           )
```

### MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, plaintiff's claims will be dismissed.

### BACKGROUND

On February 11, 2005, Precious Okereke, a resident of Boston, Massachusetts, filed her self-prepared pleading[1] entitled "ex parte emergency writ of mandamus or prohibition order." Plaintiff complains that her automobile insurance policy was cancelled and that the insurer refused to accept late payment. She seeks, among other things, to have this Court order the defendant insurance agent and insurance company to restore her automobile insurance policy.

### DISCUSSION

I. The Petition is Subject to Dismissal

---

[1] The Court notes that the use of the term "et al." by plaintiff in the caption of her complaint is improper because a plaintiff is required to specifically identify each party. See Feliciano v. DuBois, 846 F. Supp. 1033, 1048 (D. Mass 1994) (plaintiff cannot rely on the use of "et al." to refer to unnamed parties).

In order for this Court to review plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire sua sponte whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking).

Even according the pro se complaint the close and sympathetic reading to which it is entitled, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the complaint reveals no basis for the exercise of subject matter jurisdiction over plaintiff's suit, which therefore must be dismissed.

1.   Federal Question Jurisdiction Does Not Exist

"Federal question" cases are civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In order for federal question jurisdiction to exist, a right or immunity created by the Constitution, a treaty, or some meaningful aspect of federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal must be an essential element of the plaintiff's properly pleaded claim for relief.

Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987). Under this "well-pleaded complaint" rule, the federal question must be presented on the face of the plaintiff's complaint as it stands at the time the notice of removal is filed. See id.

Okereke brings her claims pursuant to one federal statute (15 U.S.C. § 1) and several Massachusetts statutes (M.G.L. ch. 93A, 151B, and 12). See Complaint, count six. To the extent plaintiff complains that the defendants violated section one of the Sherman Act, 15 U.S.C. § 1, plaintiff's claims are barred by the McCarran-Ferguson Act, 15 U.S.C. §§ 1012(b), inasmuch as they are solely concerned with her automobile insurance policy. See Arroyo-Melecio v. Puerto Rican American Insurance Company, No. 04-1045, 2005 WL 351196, at *6 (1st Cir. 2005) (recognizing that the insurance industry receives special treatment under the antitrust laws). Section 2(b) of the Act, 15 U.S.C. § 1012(b), exempts from the coverage of the antitrust laws any agreements which constitute the "business of insurance" and are regulated by state law. See 15 U.S.C. §§ 1012(b). Here, plaintiff's automobile insurance policy is regulated by Massachusetts law.

Because plaintiff's only federal claim is barred by the McCarran-Ferguson Act, this Court does not have federal

question subject-matter jurisdiction over plaintiff's claims. See 28 U.S.C. § 1331; Viqueira, 140 F.3d at 19 (affirming dismissal).

2. Diversity Jurisdiction Does Not Exist

District courts also have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction has two components: (1) a dispute between citizens of different states and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a).

Diversity of citizenship does not exist here because it appears that all of the parties are citizens of Massachusetts. Diversity jurisdiction requires complete diversity: the citizenship of each plaintiff must be diverse from each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). Because diversity jurisdiction does not exist, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

Even if there were diversity of citizenship between the parties, plaintiff has not satisfied the amount in controversy requirement. The amount in controversy requirement is only satisfied by a plaintiff alleging a compensable loss of in excess of $75,000, unless it can be said to a legal certainty that plaintiff did not have a reasonable, good faith basis, at the time suit was commenced,

to believe that the recovery would meet the jurisdictional threshold. <u>Coventry Sewage Associates v. Dworkin Realty</u>, 71 F.3d 1, 5-6 (1st Cir. 1995); <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89 (1938). Applying this standard, it appears that plaintiff lacks a reasonable, good faith basis to believe that her recovery could exceed $75,000.

    II. <u>Plaintiff's State Law Claims</u>

Because this action is subject to dismissal for the reasons stated above, <u>supra.</u>, ¶ I, grounds no longer exist for federal subject matter jurisdiction over plaintiff's state law claims. Under 28 U.S.C. § 1367, "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); <u>see</u> <u>Claudio-Gotay v. Becton Dickinson Caribe, Ltd.</u>, 375 F.3d 99, 104 (1st Cir. 2004) (citing <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Here, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims.

CONCLUSION

ACCORDINGLY, this action is DISMISSED for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 24th day of February, 2005.

/s/ George A. O'Toole
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE