UNITED STATES' DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

CIVIL ACTION NUMBER  P 12: 42
05-10287-GAO

U.S. DISTRICT COURT
DISTRICT OF MASS

OKEREKE
   Plaintiffs

vs.

ARBELLA MUTUAL INSURANCE
COMPANY, ET AL. -
   Defendants

## PLAINTIFFS' FIRST MOTION FOR RECONSIDERATION

The Plaintiff did receive the Court's ruling and taking everything into consideration, it was evasive in nature. It had bearings on "conduct causing deprivation" factly. The Plaintiff would respond to the Court's strange ruling serially thus:

   01)     Importantly, the case had not much to do with late payment, but **COMPUTATION OF DEADLINE** in Massachusetts and the common law. The deadline the Plaintiff was given was a Sunday. The Defendants were not open on Sunday – December 26th – 2004. Then, would Monday – December 27th – 2004 being a business day be the proper day for Plaintiff to effect payment of her auto insurance premium." The Plaintiff exhibit the Mass. R. Civ. P. 6 to her Complaint. There was nothing confusing about the basis for the injunction.

   02)     In the case of *Baltin v. Alaron Trading Corp.* (11th Cir. No. 96-5123), the said Court specified the bases for federal courts exercise of jurisdiction. The excerpts read thus:

"This court can conduct plenary review of subject matter jurisdiction *sua sponte*. *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Indeed, this court has the obligation to inquire into subject matter jurisdiction whenever it may be lacking. *Id.* (citing *Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *City of Kenosha, Wis. v. Bruno*, 412 U.S. 507, 511, 93 S.Ct. 2222, 2225, 37 L.Ed.2d 109 (1973). See Fed. R. Civ. P. 12(h)(3)."

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant;; (2) federal question jurisdiction pursuant to 28 U.S.C. Section 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a*)*. See Klein v. Drexel Burnham Lambert*,* 737 F.Supp. 319, 323 n. 11 (E.D.Pa. 1990). In this case, the district court did not have any of the three types of subject matter jurisdiction."

03)    The definition of "federal question" was palpably unnecessary. The case met the requirements indisputably. [Exhibit 1] Patronizingly approach should not be equated with intelligent interpretation of the law. The Court should not be under the impression that on insurance related-law, there existed total legislative ouster. The Sherman Act, the Clayton Act and the Federal Trade Commission Act regulated insurance irrespective of the McCarran-Ferguson Act. [Exhibit 2] On that, what prevailed was concurrent legislation and not either exclusive or residual legislation. The Plaintiffs' rather Plaintiff's claim hinged on the statute and constitution. [Clayton Antitrust Act (1914); 42 USC Section 1981]

04)    The "Diversity Jurisdiction Does Not Exist" needed not to exist for the Court to exercise jurisdiction. The 11th Circuit spelt that out in the case of *Baltin v. Alaron Trading Corp. supra*. Under 15 the Court had roundly jurisdiction under "national contacts" doctrine amongst others. [Fed. R. Civ. P. 4; Fifth Amendment Due Process; Commerce Clause;15 USC Sections 4, 9, 22, 25, 26 and 37]

05)    On amount in controversy, it was not illogical for the Court to **fill the gap**. The statutory provisions for violation - $350,000 and $10m by individuals and corporations. The omission was in *good faith* and had been provided. Compensatory and punitive damages met the $75,000 minimum entry amount. The entry amount was not hard-and-fixed, by and large.

06)    On State's law, the Court should exercise supplemental or pendent personal jurisdiction. The Court had subject matter and personal jurisdiction, therefore, the prevalence of 28 USC Section 1367 was tantamount to legal and not moral duty. Nonetheless, the Court had jurisdiction besides *supplemental or pendent jurisdiction*. More, in the *Baltin* case, a court exercised jurisdiction where the three criteria never existed. Therefore, it was a matter of Equal Protection and Due Process Clauses.

07)   Sincerely, the Plaintiff had furnished the Court with invaluable facts and law to revise its ruling. Not doing so would amount to "Public" or "Government" Functions or Acts of Government "Agents." [Ex parte Virginia, 100 U.S. 339 (1839] The judicial enforcement should be thwarted. It was illegal or unlawful. [Shelley v. Kraemer, 334 U.S. 1 (1948); Barrows v. Jackson, 364 U.S. 249 (1953)] It lent itself equally to "symbiotic" relationship. [Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961)]

## CONCLUSION

The Plaintiff had proven not on the balance of probabilities, but beyond any reasonable doubt that the Court had general jurisdiction on the matter in question. It did not hinge on whimsicalities, but scientific. The Court should not conduct itself in a manner, which had bearings to "conduct causing deprivation" in terms of Equal Protection and Due Process Clauses. Factly, the Court should not condemn the Plaintiff to an injury of law knowingly.

Respectfully submitted on Saturday – March 5th – 2005.

Precious Okereke
PRECIOUS OKEREKE,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6579.

## CERTIFICATE OF SERVICE

Because of the Court's preemptive dismissal, the Plaintiff did not serve the head to the Defendants.

Precious Okereke
PRECIOUS OKEREKE,
Pro Se.



# LII
legal information institute

## Law about...

collection home    tell me more    donate




FILED
CLERKS OFFICE

2005 MAR 11  P 12:

U.S. DISTRICT COURT
DISTRICT OF MASS

### insurance law: an overview

In the absence of insurance, three possible individuals bear the burden of an economic loss; the individual suffering the loss; the individual causing the loss via negligence or unlawful conduct; or lastly, a particular party who has been allocated the burden by the legislature, such as employers under Workmen's Compensation statutes.

While types of insurance vary widely, their primary goal is to allocate the risks of a loss from the individual to a great number of people. Each individual pays a "premium" into a pool, from which losses are paid out. Regardless of whether the particular individual suffers the loss or not the premium is not returnable. Thus, when a building burns down, the loss is spread to the people contributing to the pool. In general, insurance companies are the safekeepers of the premiums. Because of its importance in maintaining economic stability, the government and the courts use a heavy hand in ensuring these companies are regulated and fair to the consumer.

Up until 1944, insurance was not considered "commerce" and not subject to federal regulation. But in United States v. South-Eastern Underwriters Association, the Supreme Court held that Congress could regulate insurance transactions that were truly interstate. Congress then enacted the McCarran-Ferguson Act (15 USCS § § 1011) which provided that the laws of the several states should control the insurance business, but that the Sherman Act, the Clayton Act, and the Federal Trade Commission Act were applicable to the insurance business to the extent that it was unregulated by state law.

The McCarran-Ferguson Act, broadly speaking, gives states the power to regulate the insurance industry. While state insurance statutes override most federal laws, some portions of federal law (like federal tax laws) are always commanding. Therefore, when researching whether a particular law governs, a good rule of thumb is to ask whether the inquiry is related to the "business of insurance" (where state law governs), or whether it is related to peripherals of the industry (labor, tax, securities - where federal law governs).

### menu of sources

**Federal Material**

*Federal Statutes*

- U.S. Code:
  - McCarran-Ferguson Act Recognizing State Regulation of Insurance - 15 U.S.C., Chapter 20
  - Liability Risk Retention - 15 U.S.C., Chapter 65
  - Crop Insurance - 7 U.S.C., Chapter 36
  - Flood Insurance - 42 U.S.C., Chapter 50
  - Federal Employee Life Insurance - 5 U.S.C., Chapter 87
  - Federal Employee Health Insurance - 5 U.S.C., Chapter 89

*Federal Judicial Decisions*

- U.S. Supreme Court:
  - United

States v. South-Eastern Underwriters Assoc., 322 U.S. 533 (1944)
- Recent Insurance Cases
- U.S. Circuit Courts of Appeals: Recent Decisions on Insurance

### State Material

*State Statutes*

- State Statutes on Insurance

*Judicial Decisions*

- N.Y. Court of Appeals:
    - Recent Decisions on Insurance
    - Commentary from liibulletin-ny
- Appellate Decisions from Other States

### Other References

*Key Internet Sources*

- Insurance and Risk Management Information
- Index of Insurance Companies on the Web

*Useful Offnet (or Subscription - $) Sources*

- Good Starting Point in Print: Robert H. Jerry, *Understanding Insurance Law*, Matthew Bender (1996)

copyright | about us | help

US Code Chapter 20 (from Cornell Law Library)

Sec. 1011. Declaration of policy

Congress hereby declares that the continued regulation and taxation by the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States.

Sec. 1012. Regulation by State law; Federal law relating specifically to insurance; applicability of certain Federal laws after June 30, 1948

* (a) State regulation
  The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.

* (b) Federal regulation
  No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance: Provided, That after June 30, 1948, the Act of July 2, 1890, as amended, known as the Sherman Act, and the Act of October 15, 1914, as amended, known as the Clayton Act, and the Act of September 26, 1914, known as the Federal Trade Commission Act, as amended (15 U.S.C. 41 et seq.), shall be applicable to the business of insurance to the extent that such business is not regulated by State Law.

Sec. 1013. Suspension until June 30, 1948, of application of certain Federal laws; Sherman Act applicable to agreements to, or acts of, boycott, coercion, or intimidation

* (a) Until June 30, 1948, the Act of July 2, 1890, as amended, known as the Sherman Act, and the Act of October 15, 1914, as amended, known as the Clayton Act, and the Act of September 26, 1914, known as the Federal Trade Commission Act (15 U.S.C. 41 et seq.), and the Act of June 19, 1936, known as the Robinson-Patman Anti-Discrimination Act, shall not apply to the business of insurance or to acts in the conduct thereof.

* (b) Nothing contained in this chapter shall render the said Sherman Act inapplicable to any agreement to boycott, coerce, or intimidate, or act of boycott, coercion, or intimidation.

Sec. 1014. Effect on other laws

Nothing contained in this chapter shall be construed to affect in any manner the application to the business of insurance of the Act of July 5, 1935, as amended, known as the National Labor Relations Act (29 U.S.C. 151 et seq.), or the Act of June 25, 1938, as amended, known as the Fair Labor Standards Act of 1938 (29 U.S.C. 201 et seq.), or the Act of June 5, 1920, known as the Merchant Marine Act, 1920 (46 App. U.S.C. 861 et seq.).

Sec. 1015. ''State'' defined

```
As used in this chapter, the term ''State'' includes the several
States, Alaska, Hawaii, Puerto Rico, Guam, and the District of
Columbia.
```

---

Top of Page

Judydoc's Page

Insurance Page

Uncivilization and its Discontents

Home Page

Email Judy Morris
at: judydoc AT the-spa DOT com

Email me
at: bhammel AT graham DOT main DOT nc DOT us

---

The URL for this document is:
http://graham.main.nc.us/~bhammel/INS/MF.html
Created: February 1, 1999
Last Updated: May 28, 2000