# IN THE UNITED STATES' DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  | CIVIL ACTION NUMBER: |
|---|---|
|  | 1:05-cv-10287 GAO |

OKEREKE, ET AL. - )
   Plaintiffs )
)
vs. )
)
ARBELLA MUTUAL INSURANCE COMPANY -)
   Defendant )
)

### PLAINTIFF'S MOTION FOR THREE-JUDGE DISTRICT COURT

    Taking everything into consideration, Judge O'Toole had explicitly or implicitly denied the Plaintiff Equal Protection and Due Process Clauses. They were not the least constitutional doctrines in the United States' Constitution. The case was knowingly condemned to perfunctory jurisprudence. Consequently, the Plaintiff prayed for the head! [28 USC Section 2284]

    Judge O'Toole or his subordinates knowingly failed to handle the case with *good faith* and that was treason. The case met the three-prong the 11th Circuit spelt out that should govern federal courts' exercise of jurisdiction over a given case. Cases, which did not meet the three-prong had been adjudicated too. The excerpt had been provided earlier and would be re-provided. It read, thus:

    "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 USC Section 1331; or (3) diversity jurisdiction pursuant to 28 USC Section 1332(a). *See Klein v. Drexel Burnham Lambert*, 737 F.Supp. 319, 323 n. 11 (E.D.Pa. 1990). In this case, the district court did not have any of the three types of subject matter jurisdiction."

    If not for any other thing, the Court had jurisdiction. [28 USC Section 1337; The U.S. Law Week – Third Circuit Broadly Construes Clayton Act, Volume 72 Number 32 – Tuesday – March 2, 2004, ISSN 1522-4317] Indeed, the case was handled on

abracadabra jurisprudence methodology. That was illegal! [28 USC Sections 1346(b) and 1361]

## CONCLUSION

An excerpt read thus:

"The common denominator of all these maxims of prudence is the concept of judicial restraint, of judge's restraint. "We do not sit," said Justice Frankfurter, "like kadi under a tree, dispensing justice according to considerations of individual expediency." "A[A] jurist is not to innovate at pleasure," wrote Justice Cardozo. "He is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, mthodized by analogy, disciplined by system, and subordinated to the primordial necessity of order in the social life. All Justices will, of course, claim adherence to proper restraint, but in some cases at least, such as Justice Frankfurter's dissent in the Flag Salute Case, the practice can be readily observed. The degree, however, of restraint, the degree to which legislative enactments should be subjected to judicial scrutiny, is a matter of uncertain and shifting opinion."

Respectfully submitted on May 10th – 2005.

_____
PRECIOUS OKEREKE,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

The Defendant did not serve the Defendants with a copy of the head.

_____
PRECIOUS OKEREKE,
Pro Se.