# UNITED STATES' DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRECIOUS OKEREKE, ET AL. - )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>ARBELLA MUTUAL INSURANCE CO. ET AL. - )<br>    Defendant/s ) | CIVIL ACTION NO.<br>05-10287-GAO |

**PLAINTIFFS' ESTABLISHMENT OF DEPRIVATION OF EQUAL PROTECTION AND DUE PROCESS CLAUSES**

    01)    The Plaintiffs received the Court's "JUDGMENT IN A CIVIL CASE" decision dated August 08th and postmarked August 12th on Saturday August 13th – 2005. The Plaintiff/s had to establish not on the balance of probabilities, but beyond any reasonable doubt that the Court knowingly deprived them their constitutional rights under the color of administration of justice. From the original decision, the verdict had bearings on *total ouster* of the federal court on the subject of insurance. The Plaintiffs disagreed with the fable or ruling, but the Court stuck to its' gun [unrepentantly] The "Civil Cover Sheet" provided for the matter in question – "110 Insurance." It was not uncommon for courts to *fill the gap*. The injunction could have been issued without monetary compensation.

    02)    Presently, the Plaintiffs had managed to reinsure the car. The failure of the Court to enforce the law was actionable. [28 USC Sections 1346(b), 1357 and 1361; 42 USC Sections 1981, 1983, 1986 and 1994] When a Judge action clearly deviated from the law, the Judge had lost jurisdiction. On that basis, there existed nothing like the much-trumpeted judicial immunity. There was no administrative remedy to exhaust vis-à-vis the ugly state of things. Even if there were any, it was not *mandatory*, but *directory* or optional.

O3)   If the Court deemed it intelligent, it should resume compensation dialogue with the Plaintiffs on the matter in question. If considered a *legal impossibility*, the Plaintiffs would be worry less too. However, failure to capitalize from the compensatory measure/s never deprived the Plaintiffs the opportunity to seek/ing legal compensatory measure/s. Of course, the law had been scientific in nature and not the abracadabra the Court expected it to be.

## CONCLUSION

The ball would be in the court of the Court! The Plaintiffs had identified their condemnation to the *injury of law* knowingly and it behooved the Court to remedy it, all things being equal. The law would not be the respecter of any person [and] no matter how high placed.

*[signature]*
PRECIOUS OKEREKE,
Pro Se,
P. O. Box 1351,.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

In view of the truncated administration of justice process the case was condemned to, the Plaintiff/s did not see the rationale/s to serve the Defendant/s with the subject matter.

*[signature]*
PRECIOUS OKEREKE,
Pro Se.